[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: RE: MOTION #153 MOTION FOR SUMMARY JUDGMENT
The instant action is a medical malpractice action concerning the care and treatment of the plaintiff, Vanessa Lubin, by Stamford Pediatrics Associates, P.C. as well as individually named pediatricians. The plaintiffs' complaint alleges that during the period of time between July 16, 1986 to July 24, 1994, the defendants failed to diagnose the plaintiff with a lipomeningocele.
The defendant Dr. Thomas J. Rainville has moved for summary judgment. He asserts that the plaintiffs did not file this action within the time period provided in Section 52-584 of the Connecticut General Statutes. This statute concerns a limitation of action for injury to person or property and provides that:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
In support of his motion for summary judgment, the defendant, Dr. Rainville filed an affidavit wherein he, in pertinent part states the following:
CT Page 10612 4. I am a pediatrician and, prior to my retirement in August 1995, was employed by Stamford Pediatric Associates, P.C.
 5. The plaintiff, Vanessa Lubin, was treated by Stamford Pediatric Associates, P.C., from approximately July 1986 to July 20, 1994.
 6. I last saw the plaintiff, Vanessa Lubin, as a patient on February 4, 1992.
 7. I rendered no care or treatment to Vanessa Lubin subsequent to her office visit on February 4, 1992.
("Exhibit A", attached to the defendant's Motion for Summary Judgment, dated September 6, 2000.)
The plaintiff in this matter has filed a motion in opposition to the defendant's motion for summary judgment. Said affidavit is the affidavit Pierre Lubin, the father of Vanessa Lubin. This affidavit provides in pertinent part that:
 5. At all times Vanessa was treated at Stamford Pediatric Associates I considered Dr. Thomas Rainville to be Vanessa's treating physician.
 6. Stamford Pediatric Associates was a group practice and if Dr. Rainville was not available then I would bring Vanessa to see another physician in the group.
 7. Dr. Rainville and Stamford Pediatric Associates were Vanessa's pediatricians until she moved to Boston in early 1995.
("Exhibit B", attached to the plaintiffs Objection to the defendant's Motion for Summary Judgment, dated July 20, 2001.)
Whereas the defendant, Dr. Rainville has filed a motion for Summary Judgment, the Court must make a determination as to whether there are any genuine issues of material fact outstanding.
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for CT Page 10613 summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999); see Practice Book § 17-49.
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
The defendant, Dr. Rainville and the plaintiffs have filed affidavits concerning the doctor-patient relationship between the parties. Dr. Rainville filed his affidavit to support his the position that the doctor-patient between himself and the plaintiff, Vanessa Lubin terminated on February 4, 1992. The plaintiff, Pierre Lubin filed his affidavit to support his assertion that the Statute of Limitations was tolled by the "continuous course of treatment" doctrine.
The continuing course of treatment doctrine was first recognized in this state in Giambozi v. Peters, 127 Conn. 380 (1940).
 So long as the relation of physician and patient continues as to the particular injury or malady which he is employed to cure, and the physician continues to attend and examine the patient in relation thereto, and there is something more to be done by the physician in order to effect a curs, it cannot be said that the treatment has ceased. That does not mean that there must be a formal discharge of the physician or any formal termination of his employment. If there is nothing more to be done by the physician as to the particular injury or malady which he was employed to treat or if he ceases to attend the patient therefor, the treatment ordinarily ceases without any formality.
Giambozi v. Peters, Id at 384.
As previously stated herein, the defendant, Dr. Rainville asserts that the physician-patient relationship terminated on February 4, 1992, the date that he last saw the plaintiff, Vanessa Lubin. The instant action commenced on July 3, 1996 when the defendant was served (See Exhibit A, attached to the plaintiffs' Objection to the Motion for Summary Judgment). Since July 3, 1996 is more than three years after February 4, 1992, any recovery against him is barred by the statute of limitations.
The plaintiffs assert that the doctor-patient relationship between Dr. Rainville and Vanessa Lubin continued until Ms. Lubin moved to Boston in CT Page 10614 early 1995 and therefore the time to bring this action has not expired.
 The determination of whether the physician-patient relationship has terminated depends upon several factors. These factors include the subjective views of the parties as to whether their relationship had terminated; the length of their relationship; the frequency of their interactions; the nature of the physician's practice; whether the physician had prescribed a course of treatment for or was monitoring the condition of the patient; whether the patient was relying upon the opinion and advice of the physician with regard to a particular injury, illness or medical condition; and whether the patient had begun to consult with another physician concerning the same injury, illness or medical condition.
 Blanchette v. Barrett, 229 Conn. 256, 278 (1994).
The plaintiffs assert that the doctor-patient relationship did not terminate until early 1995 and the defendant, Dr. Rainville asserts that said relationship terminated on February 4, 1992. There is a genuine issue of material fact as to the determination of when the doctor-patient relationship actually terminated and as to whether the statute of repose in § 52-584 of the Connecticut General Statutes was tolled by the continuous course of treatment doctrine. For the foregoing reasons, the defendant's Motion for Summary Judgement is denied and the plaintiffs objection to the Motion for Summary Judgment is sustained.
So Ordered.
Richard A. Robinson, J.